ALEXANDER E. POTENTE, State Bar No. 208240
*Alex.Potente@clydeco.us*
YVONNE SCHULTE, State Bar No. 237868
*Yvonne.Schulte@clydeco.us*
REGAN HESLOP, State Bar No. 346293
*Regan.Heslop@clydeco.us*
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Tel:       (415) 365-9800
Fax:      (415) 365-9801-7650

Attorneys for Plaintiff
Great American Insurance Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA,

SACRAMENTO DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTIONARY PRODUCTIONS, INC. a/k/a SUM OF US FESTIVAL, a California corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Great American Insurance Company ("Great American") seeks a declaratory judgment against defendant Revolutionary Productions, Inc. a/k/a Sum Of Us Festival ("Sum of Us") and alleges as follows:

## NATURE OF ACTION

1. This is an action seeking declaratory judgment for the purpose of resolving an insurance coverage dispute between Great American and Sum of Us, with respect to claims for alleged negligence arising out of an incident at the Sum of Us Festival 2023 ("Sum of Us Festival"), when 31-year-old claimant Natalie

Noghrey ("Noghrey") fell from a golf cart, hitting her head on the pavement. Sum of Us seeks defense and indemnification from Great American in connection with the underlying claim.

2. Great American seeks a declaration from this Court that it has no duty to defend or to indemnify Sum of Us in connection with the underlying claim.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. An actual justiciable controversy between Great American and Sum of Us exists within the meaning of 28 U.S.C. § 2201 regarding whether Sum of Us can have coverage under the Policy with respect to the claims asserted by Noghrey, as more particularly described below.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

6. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

7. Great American is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

8. Sum of Us is a corporation organized and existing under the laws of the State of California with its principal place of business in San Francisco, California.

## FACTUAL ALLEGATIONS

**The Great American Policy**

9. Great American issued policy number 472-50-34-01 to named insured Sports and Recreation Providers Association for the policy period February 2, 2023,

to February 2, 2025 (the "Master Policy"). The Master Policy provides insurance pursuant to all of its terms, conditions, limitations, exclusions, and endorsements. A true and correct copy of the Master Policy is attached hereto as Exhibit A and is incorporated herein by reference.

10. Sum of Us qualifies as an insured under the Master Policy for the period of September 11, 2023, to September 19, 2023, under Certificate of Coverage no. GAS114226 Form 36270 (Ed. 5/18) in connection with the Master Policy (the "Certificate"). The Certificate provides insurance subject to all of its terms, conditions, and limitations and incorporates the Master Policy by reference. A true and correct copy of the Certificate is attached hereto as Exhibit B and is incorporated herein by reference.

11. The Certificate affords commercial general liability coverage with limits of insurance of $1,000,000 each "occurrence" and in the aggregate. The Certificate affords professional liability coverage with limits of insurance of $1,000,000 each act, error, or omission and in the aggregate.

12. The Master Policy also provides commercial general liability coverage pursuant to Form CG 00 01 (Ed. 04/13). The Master Policy provides, in part, as follows:

> **SECTION I - COVERAGES**
> **Coverage A - Bodily Injury and Property Damage Liability**
> **1.      Insuring Agreement**
>
>     **a.** We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…
>
>                                 \* \* \*

> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** the "bodily injury" or "property damage" occurs during the policy period…
>
> * * *

13. The Master Policy's commercial general liability coverage is subject to an "Amendment of Liquor Liability Exclusion" endorsement, Form CG 21 50 (Ed. 04 13), which provides, in part, as follows:

> The following replaces exclusion **c.** under paragraph **2. Exclusions** of **SECTION I – COVERAGE A - Bodily Injury and Property Damage Liability**:
>
> **2.    Exclusions**
>
> This insurance does not apply to:
>
> **c.    Liquor Liability**
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> **(1)** causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought on your premises, for consumption on your premises;
>
> **(2)** the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> **(3)** any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

  **(a)** the supervision, hiring, employment, training or monitoring of others by that Insured; or

  **(b)** providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage," involved that which is described in paragraph **(1), (2)** or **(3)** above.

This exclusion applies only if you:

**(1)** manufacture, sell or distribute alcoholic beverages;

**(2)** serve or furnish alcoholic beverages for a charge whether or not such activity:

  **(a)** requires a license;

  **(b)** is for the purpose of financial gain or livelihood;

**(3)** serve or furnish alcoholic beverages without a charge, if a license is required for such activity; or

**(4)** permit any person to bring any alcoholic beverages on your premises, for consumption on your premises.

\* \* \*

14. The Certificate's Schedule of Casualty Coverage and Limits of Insurance contains language evidencing that liquor liability is "not covered" under the Master Policy. (Ex. B, p. 1)

15. In addition, the Master Policy's commercial general liability coverage is also subject to an aircraft, auto or watercraft exclusion, which provides, in part, as follows:

This insurance does not apply to:

\* \* \*

**g.** **Aircraft, Auto or Watercraft**

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that Insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.
>
> This exclusion does not apply to:
>
> * * *
>
> **(5)** "bodily injury" or "property damage" arising out of:
>
> **(a)** the operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or
>
> **(b)** the operation of any of the machinery or equipment listed in paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment."
>
> * * *

16. The Master Policy's commercial general liability coverage contains the following definitions:

**SECTION V – DEFINITIONS**

* * *

**2.** **"Auto"** means:

    **a.** a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

      **b.**    any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment."

**3.** **"Bodily injury"** means physical injury, sickness, or disease, including death of a person. "Bodily injury" also means mental injury, mental anguish, humiliation, or shock if directly resulting from physical injury, sickness, or disease to that person.[1]

\* \* \*

**13.** **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**18.** **"Suit"** means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged…

\* \* \*

17. The Master Policy provides professional liability coverage pursuant to Form CG 87 10 (Ed. 08/09). The Master Policy provides, in part, as follows:

**SECTION I - PROFESSIONAL LIABILITY COVERAGE**

**1.** **Insuring Agreement**

    **a.**    We will pay those sums the Insured becomes legally obligated to pay as "damages" because of any act, error, or omission committed by:

        **(1)**    an insured in the rendering of or failure to render "Professional Services"; or

        **(2)**    another person or organization for whom the Named Insured is vicariously liable, in the course of that person's or organization's rendering of or failure to render "Professional Services" for or on behalf of the Named Insured;

---

[1] As amended by the "Social Service Agency General Liability Broadening Endorsement" Form CG 82 24 (Ed. 12 01).

as part of the Named Insured's operations as a social service, human service, religious, educational, or cultural organization.

\* \* \*

18. The Master Policy's professional liability coverage contains the following exclusions:

**SECTION I - PROFESSIONAL LIABILITY COVERAGE**

\* \* \*

**2. Exclusions**

This insurance does not apply to any:

\* \* \*

**e.** "Damages" because of any liability by reason of:

**(1)** causing or contributing to the intoxication of any person;

**(2)** furnishing alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** any statute, ordinance, or regulation relating to the sale, gift, distribution, or use of alcoholic beverages.

\* \* \*

**p.** "Damages" because of any liability arising out of the ownership, maintenance, use, or entrustment to others of any aircraft, "auto," or watercraft, whether or not owned or operated by, or rented or loaned to, any insured. Use includes operation and loading or unloading.

This exclusion applies even if the claim or "suit" against any insured alleges negligence or other wrongdoing in the supervision, hiring, employment, training, or monitoring of others by that Insured, if the liability arises from the ownership, maintenance, use, or entrustment to others of any aircraft, "auto," or watercraft, whether or not owned or operated by, or rented or loaned to, any insured.

\* \* \*

19. The Master Policy's professional liability coverage contains the following definitions:

**SECTION VI – DEFINITIONS**

The following terms used in this **Professional Liability Insurance Coverage** have the following meanings.

\* \* \*

**10.**  **a.**  **"Professional Services"** includes any service:

    **1.** that involves specialized education, knowledge, labor, judgment, and skill, and is predominantly mental or intellectual (as opposed to physical or manual) in nature; and

    **2.** is provided as part of the Named Insured's operations as a social service, human service, religious, educational, or cultural organization, and

    **3.** is not provided by any one or more of the persons listed in **d.,** below.

  **b.** "Professional Services" includes the following:

    **1.** advice, guidance, or assistance;

    **2.** counseling;

    **3.** social work:

    **4.** therapy;

    **5.** daycare;

    **6.** nursing or health care;

    **7.** educational instruction or teaching;

    **8.** job training, job placement, job referral, and vocational services; and

    **9.** other services of the kind described in a., above, provided as part of the Named Insured's operations as a social service, human service, religious, educational, or cultural organization.

\* \* \*

**The Noghrey Claim**

20. On or about September 16, 2023, between approximately 1:20 a.m. and 2:00 a.m., while attending the four-day, three-night Sum of Us Festival put on by Sum of Us, Noghrey allegedly sustained "bodily injury" after falling out of a golf cart while intoxicated.

21. Before the incident, Noghrey was drinking with friend and Sum of Us organizer, Nadia Eker ("Eker"). Noghrey danced at the main stage with friend and Sum of Us employee, Iris Triska ("Triska"), and then rejoined Eker to continue drinking.

22. Sum of Us organizers and staff determined that Noghrey was excessively intoxicated and that she needed to be taken back to her campsite. While Eker, Triska, and Noghrey attempted to walk in the direction of the campsite, Eker and Triska identified a golf cart being driven by Sum of Us employee, Jess Weiner ("Weiner"). Weiner was transporting another Sum of Us Festival attendee to the medical area. Eker and Triska approached Weiner and asked if they could ride on the golf cart to either reach the command center, the medical area, or get as close as possible to Noghrey's cabin.

23. Noghrey alleges that Weiner was operating the golf cart while intoxicated. When Weiner made a right turn, Noghrey allegedly fell out of the golf cart and hit her head on the pavement, rendering her unconscious. Noghrey alleges that due to loss of consciousness and excruciating pain, she was rushed to the hospital where she stayed under 24-hour care for nearly a month before she was discharged. As a result of her injuries, she claims that her sodium levels are abnormally low. She alleges that this can lead to seizures, death, and coma. She claims she has permanently lost her sense of taste and smell.

24. Noghrey claims that Sum of Us owed Noghrey a heightened duty and standard of care because of her intoxicated state and Sum of Us breached its duty by failing to ensure Noghrey's safety after they placed her in the golf cart.

25. Sum of Us Festival furnished some of the alcohol Noghrey consumed. The liquor license for the event was nontransferable and issued to the Social Influence Foundation. The bartenders at the Sum of Us Festival entered into a written agreement with Sum of Us. Taylan Winters ("Taylan") and Vega Winters ("Vega") were volunteer bartenders on the night of the incident. Taylan and Vega entered into separate 2023 Volunteer Agreements for the Sum of Us Festival with Sum of Us (the "Volunteer Agreements"). A true and correct copy of the Volunteer Agreements are attached hereto as Exhibit C and are incorporated herein by reference.

26. Under the Volunteer Agreements, Taylan and Vega agreed to provide services at the Sum of Us Festival in exchange for a free or discounted entry into the Sum of Us Festival. Sum of Us paid Vega for Sum of Us Festival bartending tips for Vega and Tay. Receipts for alcohol Noghrey purchased at the Sum of Us Festival identify Sum of Us as the retailer. A true and correct copy of the receipts for alcohol Noghrey purchased are attached hereto as Exhibit D and are incorporated herein by reference.

**Lack of Coverage Under the Policy**

27. There is no coverage under the commercial general liability coverage part of the Master Policy because the liquor liability, and auto exclusions bar coverage.

28. There is no coverage under the professional liability coverage part of the Master Policy because the alleged damages are not because of an act, error, or omission committed in the rendering of or failure to render "professional services"

29. There is no coverage under the professional liability coverage part of the Master Policy because the liquor liability and auto exclusions preclude coverage.

### FIRST CAUSE OF ACTION
**(Declaratory Relief Regarding the Duty to Defend)**

30. Great American incorporates by reference, as if fully restated here, all

preceding paragraphs of this complaint.

31. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201(a) requesting a judgment declaring the rights of Great American with respect to an actual controversy arising under the Master Policy. Great American seeks a judicial determination that the Master Policy does not provide coverage for the Noghrey claim, and it therefore can have no duty to defend Sum of Us in connection with the Noghrey claim.

32. Great American contends that it has no duty to defend because no "suit" has been filed.

33. Great American contends that it has no duty to defend Sum of Us with respect to the Noghrey claim because coverage under the commercial general liability coverage part of the Master Policy is precluded by the liquor liability and auto exclusions. In addition, there is no coverage under the professional liability coverage part of the Master Policy. Further, coverage under the professional liability coverage part of the Master Policy is barred by the liquor liability and auto exclusions.

34. Sum of Us disagrees with Great American's contentions and contends that Great American is obligated under the terms of the Master Policy to defend it in connection with the Noghrey claim.

35. An actual controversy has arisen and now exists between Great American on the one hand, and Sum of Us on the other, regarding whether there is coverage for Sum of Us in connection with the Noghrey claim.

36. This Court is vested with the power in the instant case, and Great American hereby respectfully requests a judicial determination and declaratory judgment of its rights with respect to its duty to defend Sum of Us in connection with the Noghrey claim.

37. Such a judicial declaration is necessary and appropriate at this time in view of the controversy and genuine dispute between Great American, on the one

hand, and Sum of Us, on the other hand, as described above.

## SECOND CAUSE OF ACTION

**(Declaratory Relief Regarding the Duty to Indemnify)**

38. Great American incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

39. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201(a) requesting a judgment declaring the rights of Great American with respect to an actual controversy arising under the Master Policy. Great American seeks a judicial determination that the Master Policy does not provide any coverage for the Noghrey claim, and it therefore can have no duty to indemnify Sum of Us in connection with the Noghrey claim.

40. Great American contends that it has no duty to indemnify Sum of Us with respect to the Noghrey claim because coverage under the commercial general liability coverage part of the Master Policy is barred by the liquor liability and auto exclusions. In addition, there is no coverage under the professional liability coverage part of the Master Policy.

41. Sum of Us disagrees with Great American's contentions and contends that Great American is obligated under the terms of the Master Policy to indemnify it in connection with the Noghrey claim.

42. An actual controversy has arisen and now exists between Great American on the one hand, and Sum of Us on the other, regarding whether there is coverage for Sum of Us in connection with the Noghrey claim.

43. This Court is vested with the power in the instant case, and Great American hereby respectfully requests a judicial determination and declaratory judgment of its rights with respect to the duty to indemnify Sum of Us in connection with the Noghrey claim.

44. Such a judicial declaration that Great American owes no coverage for this claim is necessary and appropriate at this time in view of the controversy and

genuine dispute between Great American, on the one hand, and Defendant Sum of Us, on the other hand, as described above.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff Great American Insurance Company prays for judgment against Defendant Sum of Us as follows:

1. For a declaration that, by reason of the insuring agreements in the Master Policy, the liquor liability exclusions, and the auto exclusions, as well as other terms, conditions, exclusions, and limitations of the Master Policy, Great American has no obligation under the Master Policy to defend Sum of Us in connection with the Noghrey claim;

2. For a declaration that, by reason of the insuring agreements in the Master Policy, the liquor liability exclusions, and the auto exclusions, as well as other terms, conditions, exclusions, and limitations of the Master Policy, Great American has no obligation under the Master Policy to indemnify Sum of Us in connection with the Noghrey claim;

3. For costs incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated: August 21, 2024            CLYDE & CO US LLP

By:     */s/ Alexander E. Potente*
Alexander E. Potente
Yvonne Schulte
Regan M. Heslop
Attorneys for Plaintiff
Great American Insurance Company

## **DEMAND FOR JURY TRIAL**

Plaintiff Great American Insurance Company, hereby demands a trial by jury on all issues so triable.

Dated: August 21, 2024                                        CLYDE & CO US LLP

By: _/s/ Alexander E. Potente_
Alexander E. Potente
Yvonne Schulte
Regan M. Heslop
Attorneys for Plaintiff
Great American Insurance Company